[Cite as *State v. Haynes*, 2015-Ohio-183.]

IN THE COURT OF APPEALS OF OHIO

TENNTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 14AP-276 |
| | | (C.P.C. No. 00CR-05-3239) |
| Shannon D. Haynes, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 22, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Timothy Young*, Public Defender, and *Francisco E. Luttecke*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Shannon D. Haynes is appealing from the refusal of the trial court to vacate his conviction as a sexually violent predator. He assigns a single error for our consideration:

The trial court erred by denying Mr. Haynes' motion to vacate his void sexually violent predator specification.

{¶ 2} A key issue in this case is the question of whether Haynes' conviction as a sexually violent predator is void or is voidable. The Supreme Court of Ohio has ruled in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238 that a void sentence may be reviewed at any time, either via direct appeal or via collateral attack.

{¶ 3} Appellate counsel for Haynes argues that Haynes is factually innocent of the sexually violent predator specification and therefore can now attack his conviction as a

sexually violent predator, despite a prior direct appeal and numerous prior decisions denying him relief.

{¶ 4} Haynes was convicted of rape, kidnapping and murder as the result of a killing which occurred in 2000. The charges were accompanied by sexually violent predator specifications which were submitted to the trial court judge for adjudication. The judge found Haynes guilty of the specifications and sentenced Haynes in accord with the jury findings with respect to the underlying offenses and the judge's own findings as to the sexually violent predator specifications. The sentences were journalized in 2001.

{¶ 5} In 2004, the Supreme Court decided *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238. The syllabus for the *Smith* case reads:

> Conviction of a sexually violent offense cannot support the specification that the offender is a sexually violent predator as defined in R.C. 2971.01(H)(1) if the conduct leading to the conviction and the sexually violent predator specification are charged in the same indictment.

{¶ 6} The author of the Supreme Court opinion included an introduction to the opinion which reads:

> In this case, we are called upon to interpret the requirements for a sexually violent predator specification found in R.C. Chapter 2971, which enhances the sentence of a person "who is convicted of or pleads guilty to a sexually violent offense and who also is convicted of or pleads guilty to a sexually violent predator specification that was included in the indictment * * *." R.C. 2971.03(A). R.C. 2971.01(H)(1) defines "sexually violent predator" as "a person who has been convicted of or pleaded guilty to committing, on or after January 1, 1997, a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." The issue in this case is whether conviction of the underlying sexually violent offense may be used as the conviction required to support the sexually violent predator specification alleged in the same indictment. We find that it may not and hold that R.C. 2971.01(H)(1) requires that only a conviction that existed prior to the indictment of the underlying offense can be used to support the specification.

{¶ 7} When Haynes kidnapped, raped and murdered his victim, he had not previously been convicted of a sexually violent offense. When his case came up on direct appeal, his judgment and sentence were affirmed because, based on the heinous acts in

his crimes alleged in the indictment, Haynes could be seen as a threat to commit future violent sexual crimes. The *Smith* case had not been decided with its mandate that only convictions which predate the kidnap, rape and murder in the indictment could be considered in deciding whether Haynes was a sexually violent predator. Our reading of the pertinent statute did not agree with the Supreme Court's subsequent interpretation of the statute in *Smith.*

{¶ 8} Counsel for Haynes has tried repeatedly since *Smith* was decided to have the sexually violent predator specifications overturned because under the *Smith* reading of the statute he cannot be adjudicated a sexually violent predator. To date, he has gotten no relief.

{¶ 9} A panel of this court previously decided that the *Smith* case could only be applied to future cases involving sexually violent predators. This ruling is clearly both res judicata and law of the case as to Haynes.

{¶ 10} Counsel for Haynes pursued a motion seeking a new trial in the trial court. That motion was overruled by the trial court based upon res judicata. The trial court's ruling was again affirmed by this appellate court.

{¶ 11} Counsel subsequently filed an additional application for reconsideration and that application was overruled in 2008, again based upon res judicata.

{¶ 12} Other adverse rulings are also present in the record on this appeal, including rulings on the topic of void versus voidable judgments.

{¶ 13} Now counsel, relying on Supreme Court case law discussing void versus voidable judgments, asserts that void judgments can be attacked at any time and in any way.

{¶ 14} We believe that once an appellate court has ruled that a judgment is not void, that ruling binds the case for purposes of future consideration. This appellate court has ruled that the judgment against Haynes is not void despite the intervening *Smith* decision. We abide by our prior rulings.

{¶ 15} The assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.