TIM McCORMACK, J.:
 

 {¶ 1} Defendant-appellant Raymond Durant appeals his sexual predator classification. For the reasons that follow, we affirm.
 

 {¶ 2} On April 29, 1993, Durant pleaded guilty to one count of rape in violation of R.C. 2907.02 and one count of aggravated robbery in violation of R.C. 2923.02 and 2911.01. Both counts stem from an incident that occurred on November 19, 1992. Durant, then 19 years old, came upon his 28-year-old victim while she was jogging in Forest Hills Park. Intending to rob the victim, Durant produced a weapon and led her to a secluded area. Durant took the victim's rings, ordered her to remove her clothes, and then raped her.
 

 {¶ 3} On June 15, 1993, the trial court sentenced Durant to a maximum of 25 years in prison.
 

 {¶ 4} On August 2, 2016, in preparation for Durant's release, the trial court conducted an H.B. 180 hearing. As a result of that hearing, Durant was classified as a sexual predator.
 

 {¶ 5} Durant now appeals, arguing in two assignments of error that the trial court erred in classifying him as a sexual predator. Specifically, Durant argues that (1) the trial court did not address the likelihood that he would reoffend, and (2) the state failed to prove by clear and convincing
 evidence that Durant is likely to engage in the future in one or more sexually oriented offenses.
 

 Law and Analysis
 

 {¶ 6} Former R.C. 2950.01 et seq., codified under H.B. 180 and popularly known as "Megan's Law," created three classifications for sexual offenders: sexually oriented offender, habitual sex offender, and sexual predator.
 
 See
 
 former R.C. 2950.09.
 

 {¶ 7} The sexual predator classification attaches automatically in those cases where an offender is convicted of a violent sexually oriented offense and a specification alleging that he or she is a sexually violent predator.
 
 State v. Cook
 
 ,
 
 83 Ohio St.3d 404
 
 , 407,
 
 700 N.E.2d 570
 
 (1998), citing former R.C. 2950.09(A). In all other cases of sexually oriented offenders, including the instant case, the trial court may designate the offender as a sexual predator "only after holding a hearing where the offender is entitled to be represented by counsel, testify, and call and cross-examine witnesses."
 

 Id.
 

 , citing former R.C. 2950.09(B)(1) and (C)(2).
 

 {¶ 8} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Former R.C. 2950.01(E).
 

 In making a determination as to whether an offender is a sexual predator, the judge must consider all relevant factors, including, but not limited to, all of the following: the offender's age; prior criminal record; the age of the victim of the sexually oriented offense; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sex offenders; any mental illness or mental disability of the offender; the nature of the offender's sexual conduct with the victim and whether that contact was part of a demonstrated pattern of abuse; whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and any additional behavioral characteristics that contribute to the offender's conduct.
 

 Cook,
 
 citing former R.C. 2950.09(B)(2)(a) through (j).
 

 {¶ 9} After reviewing all of the testimony and considering the factors listed above, "the judge shall determine by clear and convincing evidence whether the offender is a sexual predator."
 
 State v. Blake-Taylor
 
 , 8th Dist. Cuyahoga No. 100419,
 
 2014-Ohio-3495
 
 ,
 
 2014 WL 3953990
 
 , ¶ 4, citing former R.C. 2950.09(B)(4).
 

 {¶ 10} Clear and convincing evidence is that which will produce in the trier of fact "a firm belief or conviction as to the facts sought to be established."
 
 Cross v. Ledford
 
 ,
 
 161 Ohio St. 469
 
 ,
 
 120 N.E.2d 118
 
 (1954), paragraph three of the syllabus. While requiring a greater standard of proof than a preponderance of the evidence, clear and convincing evidence requires less than proof beyond a reasonable doubt.
 
 In re Parsons
 
 , 9th Dist. Lorain Nos. 97CA006662 and 97CA006663,
 
 1997 WL 760945
 
 (Nov. 12, 1997).
 

 {¶ 11} Because sexual predator classifications under Megan's Law are considered civil in nature, the civil manifest weight of the evidence standard of review applies on appeal.
 
 State v. Larson
 
 , 8th Dist. Cuyahoga No. 101000,
 
 2014-Ohio-4685
 
 ,
 
 2014 WL 5409108
 
 , ¶ 17, citing
 
 State v. Wilson
 
 ,
 
 113 Ohio St.3d 382
 
 ,
 
 2007-Ohio-2202
 
 ,
 
 865 N.E.2d 1264
 
 , syllabus. Because the civil manifest weight of the evidence affords the lower court more deference than the criminal standard, the trial court's determination will not be disturbed where it was supported by some competent, credible evidence.
 
 Wilson
 
 at ¶ 26.
 

 {¶ 12} Durant first argues that his sexual predator classification is invalid because the trial court made that determination without making the required finding that he was likely to commit a future sex offense. When describing a "model" sexual offender classification hearing, the Ohio Supreme Court stated that "the trial court should consider the factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism."
 
 State v. Eppinger
 
 ,
 
 91 Ohio St.3d 158
 
 , 166,
 
 743 N.E.2d 881
 
 (2001).
 

 {¶ 13} Durant's assertion that a finding that he was likely to commit a future sex offense was "statutorily-required" relies on a misinterpretation of the law. In light of the definition of sexual predator, a trial court's discussion of the statutory factors need not include an explicit statement that the offender is likely to reoffend. Such a statement is redundant where the trial court determines that an individual is properly classified as a sexual predator.
 
 Blake-Taylor,
 
 8th Dist. Cuyahoga No. 100419,
 
 2014-Ohio-3495
 
 ,
 
 2014 WL 3953990
 
 , at ¶ 5.
 

 {¶ 14} Durant next argues that the state was unable to prove by clear and convincing evidence that he was likely to engage in the future in one or more sexually oriented offenses. In support of this assignment of error, Durant discusses factors that weigh against recidivism, including his age at the time of the offense.
 

 {¶ 15} "[T]he trial court should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism."
 
 State v. Ware
 
 , 8th Dist. Cuyahoga No. 90051,
 
 2008-Ohio-2788
 
 ,
 
 2008 WL 2350626
 
 , ¶ 18, citing
 
 State v. Thompson
 
 ,
 
 92 Ohio St.3d 584
 
 ,
 
 752 N.E.2d 276
 
 (2001). This discussion does not, however, include a requirement that the trial court "tally up or list the statutory factors in any particular fashion."
 
 State v. Clayton
 
 , 8th Dist. Cuyahoga No. 81976,
 
 2003-Ohio-3375
 
 ,
 
 2003 WL 21475957
 
 , ¶ 27. Further, former R.C. 2950.09(B)"does not require that each factor be met; rather, it simply requires the trial court consider those factors that are relevant."
 
 State v. Grimes
 
 ,
 
 143 Ohio App.3d 86
 
 , 89,
 
 757 N.E.2d 413
 
 (8th Dist.2001).
 

 {¶ 16} Although Durant refers to multiple statutory factors a trial court must consider, he is unable to show a complete absence of competent and credible evidence on which the trial court based his classification. Further, the factors Durant attempts to present in mitigation were heard and fully considered by the trial court during the classification hearing.
 

 {¶ 17} Based on a thorough review of the classification hearing, we find that the record includes a discussion of the relevant statutory factors, as well as multiple factors that support the trial court's classification of Durant as a sexual predator. The trial court heard testimony regarding the Static-99, an actuarial instrument that assigns point values to certain objective factors and produces an assessment of the likelihood that an individual will reoffend. In its discussion of the Static-99, the trial court considered Durant's age, relationship history, relationship to the victim, among other factors. Durant scored a "5" on the Static-99, which places him at a "moderate/high" risk of reoffending.
 

 {¶ 18} The trial court also heard testimony regarding the nature of the underlying
 sexual offense, Durant's past behavioral problems, the degree to which he participated in and completed sexual offender programming, and his disciplinary history while incarcerated. While Durant has completed some sex-offender treatment while incarcerated, he stopped attending a comprehensive sex offender program after three months, without explanation and against the advice of staff and other inmates in the program.
 

 {¶ 19} Based upon a holistic view of the evidence presented in the classification hearing, the trial court's determination was based on competent and credible evidence.
 

 {¶ 20} Durant's assignments of error are overruled, and his sexual predator classification is affirmed.
 

 FRANK D. CELEBREZZE, JR., J., CONCURS;
 

 EILEEN A. GALLAGHER, P.J., DISSENTS (WITH SEPARATE OPINION ATTACHED)