[Cite as *State v. Ingels*, 2018-Ohio-724.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| STATE OF OHIO, | : | APPEAL NO. C-160864 |
| | | TRIAL NOS. B-9802147 |
| Plaintiff-Appellee, | : | B-9800321 |
| vs. | : | *O P I N I O N.* |
| EARL INGELS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed, and Cause Remanded in B-9800321

Date of Judgment Entry on Appeal:  February 28, 2018


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Earl Ingels*, pro se.

**CUNNINGHAM, Presiding Judge.**

{¶1}   Defendant-appellant Earl Ingels presents on appeal four assignments of error that, distilled to their essence, challenge the Hamilton County Common Pleas Court's judgments overruling his "Motion[s] to Set Aside a Void Violent Sexual Predator Sanction."   We remand for resentencing on the kidnapping offenses charged in counts one and three of the indictment in the case numbered B-9800321, because those sentences are void when R.C. Chapter 2971 did not confer upon the trial court the authority to enhance the sentences based on specifications that Ingels was a "sexually violent predator."

{¶2}   In 1998, following a joint trial on the charges contained in the indictments in the cases numbered B-9800321 and B-9802147, Ingels was convicted on five counts of kidnapping, two counts of gross sexual imposition, and a single count of attempted kidnapping.   We affirmed those convictions on direct appeal. *State v. Ingels,* 1st Dist. Hamilton Nos. C-980673 and C-980674, 1999 WL 1488934 (Dec. 3, 1999), *appeal not accepted,* 99 Ohio St.3d 1539, 2003-Ohio-4671, 795 N.E.2d 679.   Thereafter, we twice remanded for correction of postrelease control. *See State v. Ingels*, 1st Dist. Hamilton No. C-130311, 2014-Ohio-363; *State v. Ingels*, 1st Dist. Hamilton Nos. C-140312, C-140313 and C-140328, 2015-Ohio-1621, *appeal not accepted*, 143 Ohio St.3d 1447, 2015-Ohio-3427, 36 N.E.3d 193.  *See also State v. Ingels*, 1st Dist. Hamilton Nos. C-160295, C-160303 and C-160304 (Oct. 7, 2016) (affirming the second correction of postrelease control).   The other postconviction challenges to his convictions advanced in motions filed between 2005 and 2016 were unavailing. *See State v. Ingels,* 1st Dist. Hamilton No. C-100297, 2011-Ohio-2901, *appeal not accepted,* 130 Ohio St.3d 1418, 2011-Ohio-5605, 956 N.E.2d 309; *State v. Ingels,* 1st Dist. Hamilton No. C-120052 (Dec. 7, 2012), *appeal not*

*accepted,* 134 Ohio St.3d 1509, 2013-Ohio-1123, 984 N.E.2d 1102; *State v. Ingels,* 1st Dist. Hamilton No. C-120238, 2013-Ohio-1460, *appeal not accepted,* 137 Ohio St.3d 1411, 2013-Ohio-5096, 998 N.E.2d 510.

### *The Motion*

{¶3}   In his 2016 "Motion to Set Aside a Void Violent Sexual Predator Sanction," filed in each of the cases numbered B-9802147 and B-9800321, Ingels sought "correct[ion]" of the sentences imposed for the kidnapping offenses charged in counts one and three of the indictment in the case numbered B-9800321, on the ground that those sentences are void because the trial court lacked the statutory authority to impose them.   Citing the Ohio Supreme Court's decision in *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283, Ingels argued that the sentence-enhancement provisions of R.C. Chapter 2971 in effect in 1998, when he was sentenced, had not conferred upon the trial court the authority to enhance his kidnapping sentences based on the specifications that he was a "sexually violent predator," because those specifications were not, as R.C. 2971.03 then required, based on a sexually-violent-offense conviction that had existed before the indictment charging the sexually-violent-predator specification, but were instead based on the conduct underlying the sexually-violent-offense charges contained in the jointly-tried indictments in the cases numbered B-9800321 and B-9802147.   The motion sought relief in the form of "removing [the] Sexual Violent Predator sanction" from the judgment of conviction and a declaration that the state had "forfeited any rights" to so sanction him or to classify him as a sexual predator under R.C. 2950.09.

{¶4}   Ingels had previously presented *Smith* claims, on direct appeal from the second common pleas court entry correcting postrelease control and in postconviction motions filed in 2009, 2011, and 2012.   In 2011, we affirmed the

3

dismissal of Ingels's 2009 motion, upon our determination that the claimed error did not render his sentences void. *See Ingels*, 1st Dist. Hamilton No. C-100297, 2011-Ohio-2901. We then relied on that determination to hold that the law of our 2011 decision precluded the trial court, in correcting postrelease control, and the common pleas court, in deciding Ingels's subsequent postconviction motions, from granting relief on that ground. *See Ingels*, 1st Dist. Hamilton Nos. C-160295, C-160303 and C-160304; *Ingels,* 1st Dist. Hamilton No. C-120238, 2013-Ohio-1460; *Ingels*, 1st Dist. Hamilton No. C-120052.

{¶5} In this appeal from the overruling of Ingels's 2016 motion, we revisit that determination. We conclude that the sentences imposed for the kidnapping offenses charged in counts one and three of the indictment in the case numbered B-9800321 are void, because the trial court lacked the statutory authority to impose them. And on that basis, we overrule our prior decisions to the extent that they hold to the contrary.

### *No Statutory Authority to Enhance the Kidnapping Sentences*

{¶6} The kidnapping charges in counts one and three of the indictment in the case numbered B-9800321 each carried a sexual-motivation specification and a sexually-violent-predator specification. With respect to each offense, the jury found that Ingels had acted with a sexual motivation, and the trial court found that Ingels was a "sexually violent predator" for purposes of the sentencing-enhancement provisions of R.C. Chapter 2971. Thus, the trial court, pursuant to R.C. 2971.03(A)(3), enhanced Ingels's sentences for the sexually motivated kidnappings, imposing for each offense a prison term of nine years to life, instead of a definite prison term of up to ten years prescribed for first-degree-felony kidnapping. *See* R.C. 2929.14(A)(1).

4

{¶7}   R.C. 2971.03, in relevant part, mandates an enhanced sentence upon a guilty verdict or plea on a kidnapping charge if the offender also "is convicted of or pleads guilty to both a sexual motivation specification and a sexually violent predator specification that were included in the * * * count in the indictment * * * charging that offense."  R.C. 2971.03(A).  R.C. 2971.01(H)(1), as it provided in 1998 when Ingels was sentenced, defined a "sexually violent predator" as "a person who *has been convicted of or pleaded guilty to committing*, on or after January 1, 1997, a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses."  (Emphasis added.)  In 2005, the General Assembly amended the statute to define a "sexually violent predator" as "a person who, on or after January 1, 1997, *commits* a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses."  (Emphasis added.)  R.C. 2971.01(H)(1).

{¶8}   The 2005 amendment was prompted by the Ohio Supreme Court's 2004 decision in *State v. Smith,* 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283.  In *Smith*, the court held that a "[c]onviction of a sexually violent offense cannot support the specification that the offender is a sexually violent predator as defined in R.C. 2971.01(H)(1) if the conduct leading to the conviction and the * * * specification are charged in the same indictment."  *Id.* at syllabus.  That holding derived from the court's reading of former R.C. 2971.01(H)(1) to require that a sexually-violent-predator specification be supported by a sexually-violent-offense "conviction * * * that [had] existed prior to the * * * indictment" charging the specification.  *Id.* at ¶ 27.

{¶9}   In the proceedings below, the trial court enhanced Ingels's sentences for the sexually motivated kidnappings based upon its finding, in support of the accompanying sexually-violent-predator specifications, that Ingels was a "sexually

violent predator." But the court's finding that Ingels was a "sexually violent predator" was based on the conduct underlying the sexually-violent-offense charges contained in the indictments in the cases numbered B-9800321 and B-9802147; its "sexually violent predator" finding was not, as former R.C. 2971.01(H)(1) had required, based on a sexually-violent-offense "conviction * * * that [had] existed prior to the * * * indictment" in the case numbered B-9800321, charging the sexually-violent-predator specifications. Accordingly, R.C. Chapter 2971, as it provided when Ingels was sentenced, did not confer upon the trial court the authority to enhance his sentences for the sexually motivated kidnappings.

### *The Kidnapping Sentences Are Subject to Correction as Void*

{¶10} The Ohio Supreme Court in *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, recently reaffirmed the long-recognized "vital" principles that only the legislature has the power to prescribe punishment for a criminal offense, that a trial court may impose only a sentence that is authorized by statute, and that a sentence that is not authorized by statute is void and thus reviewable, and subject to correction, at any time. *Id.* at ¶ 20-23, citing *Colegrove v. Burns,* 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964), *State v. Beasley,* 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28, and *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 6-8, 21-23, 30. R.C. Chapter 2971, as it provided in 1998 when Ingels was sentenced, did not confer upon the trial court the authority to enhance his sentences for kidnapping as charged in counts one and three of the indictment in the case numbered B-9800321. Therefore, those sentences are void and subject to correction at any time.

{¶11} The Eighth Appellate District concluded to the contrary in addressing a *Smith* claim in its 2006 decision in *State v. Waver*, 8th Dist. Cuyahoga No. 87495, 2006-Ohio-1743. Waver had petitioned the court of appeals for a writ of mandamus to compel the trial court to vacate his 1997 rape and felonious-assault convictions. The court of appeals denied the petition upon its determination that mandamus was not appropriate, and that only an "[a]ppeal [would provide] the remedy" for Waver's *Smith* claim. *Id.* at ¶ 4. In so holding, the court concluded that a successful *Smith* claim would not have rendered Waver's convictions void, because the Supreme Court in *Smith* had expressly held that "the trial court *erred* in relying on the jury's convictions of the underlying rape and kidnapping charges to prove the sexually-violent-predator specification alleged in the same indictment." (Emphasis added.) *Id.* at ¶ 4, quoting *Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283, at ¶ 33. *See State v. Stansell*, 2014-Ohio-1633, 10 N.E.3d 795 (8th Dist.) (holding that *Smith* does not apply retroactively to a "closed case[]").

{¶12} But the *Waver* decision is not controlling on this appellate district. Nor is it persuasive. For the purpose of determining whether a *Smith* error renders a sentence void, we perceive no significance in the Supreme Court's use of the word "erred" in declaring its holding. The void-or-voidable issue was not before the Supreme Court in *Smith* because the case was before the court on direct appeal, requiring no more to "remedy" the sentencing error than to hold that "the trial court erred" and to order that Smith be resentenced. But a void-or-voidable inquiry is not superfluous when, as here and in *Waver*, it is undertaken in a collateral proceeding. To the contrary, the determination in a collateral proceeding of whether an unauthorized sentence is void effectively determines whether the court may "remedy" the error at all. *See Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942

N.E.2d 332, at ¶ 40 (holding that "void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack").

{¶13} Nor do we find persuasive the decisions of the Ninth and Tenth Appellate Districts affirming the rejection of *Smith* claims advanced in postconviction motions. The Tenth District in *State v. Haynes*, 10th Dist. Franklin No. 14AP-276, 2015-Ohio-183, concluded that it was bound, under the doctrines of res judicata and the law of the case, by its "prior rulings" that Haynes's sentence was "not void despite the intervening *Smith* decision," and that *Smith* "could only apply to future cases involving sexually violent predators." *Id.* at ¶ 7-14. The Ninth District in *State v. Ditzler,* 9th Dist. Lorain No. 13CA010342, 2013-Ohio-4969, similarly held that *Smith* does not apply retroactively to a "closed case[]." *Id.* at ¶ 5-12.

{¶14} Under the doctrine of the law of the case, an inferior court must follow the controlling authority of a higher court, leaving to the higher court the prerogative of overruling its own decision. *See Johnson v. Microsoft Corp.*, 156 Ohio App.3d 249, 2004-Ohio-761, 805 N.E.2d 179, ¶ 11 (1st Dist.), following *Rodriguez de Quijas v. Shearson/Am. Express Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989). Accordingly, the common pleas court cannot be said to have erred in declining to afford Ingels the relief sought in his 2016 motion, in light of our previous rulings in his case that the claimed *Smith* error did not render his sentences void. But we possess, and here exercise, the prerogative to overrule those previous decisions and hold that, because R.C. Chapter 2971, as it provided when Ingels was sentenced, did not confer upon the trial court the authority to enhance his sentences for kidnapping as charged in counts one and three of the indictment in the case numbered B-9800321, those sentences are void and thus now subject to correction

by the common pleas court under its jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19 (holding that a court always has jurisdiction to correct a void judgment).

### *We Remand and Certify a Conflict*

{¶15} Therefore, we affirm the common pleas court's judgments overruling Ingels's 2016 motions. But we remand this case to the common pleas court for resentencing, consistent with the law and this opinion, on the kidnapping offenses charged in counts one and three of the indictment in the case numbered B-9800321.

{¶16} And because this disposition conflicts with the decisions of the Eighth District in *Waver*, the Ninth District in *Ditzler*, and the Tenth District in *Haynes*, we certify to the Ohio Supreme Court, upon the authority conferred by Article IV, Section 3(B)(4) of the Ohio Constitution, the following question: "Is a sentence imposed under former R.C. Chapter 2971 void, and thus correctable at any time, when the finding that the offender was a 'sexually violent predator' was not, as former R.C. 2971.01(H)(1) had required, based on a sexually-violent-offense conviction that had existed prior to the indictment charging the sexually-violent-predator specification."

Judgment accordingly.

ZAYAS, J., concurs.
DETERS, J., concurs in part and dissents in part.

DETERS, J., concurring in part and dissenting in part.

{¶17} I concur with the majority in affirming the common pleas court's judgments overruling Ingels's 2016 motions. But I dissent from this court's order remanding for resentencing on the kidnapping offenses charged in counts one and three of the indictment in the case numbered B-9800321. I would not overrule our decision in *State v. Ingels*, 1st Dist. Hamilton No. C-100297, 2011-Ohio-2901, but

would, instead, follow the law of that case and affirm the dismissal of Ingels's 2016 motion on the ground that the claimed error did not render his sentences void. *See State v. Ingels*, 1st Dist. Hamilton Nos. C-160295, C-160303 and C-160304; *State v. Ingels,* 1st Dist. Hamilton No. C-120238, 2013-Ohio-1460; *State v. Ingels*, 1st Dist. Hamilton No. C-120052 (Dec. 7, 2012).

Please note:

The court has recorded its own entry on the date of the release of this opinion.