[Cite as *State v. Ingels*, 2020-Ohio-4367.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-180469 |
| | | C-180470 |
| Plaintiff-Appellee, | : | C-180471 |
| | | TRIAL NOS. B-9507715 |
| vs. | | B-9802147 |
| | : | B-9800321 |
| EARL INGELS, | | |
| | | |
| Defendant-Appellant. | : | *O P I N I O N.* |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 9, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Stagnaro Hannigan Koop, Co., LPA* and *Michaela M. Stagnaro*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} In this latest chapter of this postconviction epic, defendant-appellant Earl Ingels challenges his sentencing on remand, complaining (among other issues) that the sentencing judge exhibited vindictive behavior and strayed beyond her jurisdiction. We view matters differently, and conclude that the resentencing proceeded consistent with our mandate in our most recent remand. For the reasons explained more fully below, we affirm the trial court's judgment.

I.

{¶2} This case began in 1998 (and under Ohio's version of Megan's Law) with indictments of Mr. Ingels in two separate cases (B-9800321 and B-9802147), which were ultimately tried together. The jury found Mr. Ingels guilty on various counts in the two indictments involving multiple counts of kidnapping, gross sexual imposition, abduction and attempted abduction. Relevant to this appeal, the jury convicted Mr. Ingels for two counts of kidnapping with a sexual motivation specification, counts one and three in the case numbered B-9800321. Because these two counts also contained a "sexually violent predator" specification, the trial court deemed Mr. Ingels a "sexually violent predator," and therefore, enhanced Mr. Ingels's sentences for those counts to indefinite nine-year-to-life sentences on each, to be served consecutively. At this time, the trial court also revoked Mr. Ingels's probation in another case (numbered B-9507715) for sexual battery and imposed a two-year sentence to be served consecutively to the sentences in cases B-9800321 and B-9802147.

{¶3} In the intervening years since his convictions, Mr. Ingels filed both his direct appeal, which affirmed his convictions, and a plethora of other motions, which involved remands for correction of postrelease control and multiple other

postconviction entreaties. *See State v. Ingels*, 2018-Ohio-724, 107 N.E.3d 762, ¶ 2 (1st Dist.) (providing a detailed procedural history of these cases). In 2016, Mr. Ingels filed his "Motion to Set Aside a Void Violent Sexual Predator Sanction." Seizing upon the Ohio Supreme Court's decision in *State v. Smith,* 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283, he insisted that the sentence enhancement provisions in effect under R.C. Chapter 2971 at the time of his conviction precluded the trial court from enhancing his sentences for kidnapping in counts one and three in case B-9800321 based on the "sexually violent predator" specification in the indictment.

{¶4} On appeal, this court agreed, finding that, as the law existed at the time of Mr. Ingels's convictions, it required a previous conviction of a sexually violent offense in order to enhance the sentences. *Ingels* at ¶ 9. As a result, "R.C. Chapter 2971, as it provided when [Mr.] Ingels was sentenced, did not confer upon the trial court the authority to enhance his sentences for the sexually motivated kidnappings." *Id.* This court ultimately found the sentences imposed for counts one and three void and remanded for the imposition of new sentences. *Id* at ¶ 1, 15 (remanding for resentencing on the kidnapping offenses charged in counts one and three of the case numbered B-9800321).

{¶5} On remand, the trial court elected to sentence Mr. Ingels to ten-year consecutive terms on counts one and three. At that time, the trial court also conducted a sexual predator classification hearing, given that the previous sexual predator classification had automatically attached as a result of Mr. Ingels's convictions of violent sexually oriented offenses, which were now tainted as part of a void sentence. *See State v. Durant,* 2017-Ohio-8482, 99 N.E.3d 1217, ¶ 7 (8th Dist.), citing *State v. Cook,* 83 Ohio St.3d 404, 407, 700 N.E.2d 570 (1998); former R.C.

2950.09(A).  At the conclusion of the hearing, the trial court classified Mr. Ingels anew as a sexual predator.

{¶6}  Mr. Ingels now appeals, raising two assignments of error.  He challenges the trial court's authority to impose the ten-year sentences on counts one and three and maintains that his sexual predator classification was against the manifest weight of the evidence.  We review each in turn.

II.

A.

{¶7}  Under his first assignment of error, Mr. Ingels initially alleges that the trial court erred in resentencing him because the court lacked jurisdiction to do so, exceeding our mandate on remand.  The viability of this claim primarily hinges on his interpretation of our prior decision remanding for resentencing on the kidnapping convictions.  In Mr. Ingels's view, he can no longer be resentenced on those counts because he already served the nine-year minimums on each, and the trial court's only task on remand was to remove the life tails.  This position, however, cannot be squared with the plain language of our prior decision, nor the pertinent caselaw on this issue.[1]

{¶8}  In the 2018 *Ingels* decision, this court determined that "the sentences imposed for the kidnapping offenses charged in counts one and three of the indictment in the case numbered B-9800321 [were] void, because the trial court lacked the statutory authority to impose them."  *Ingels*, 2018-Ohio-724, 107 N.E.3d 762, at ¶ 5. And as a result of this finding, "[w]e remand[ed] for resentencing on the kidnapping offenses in counts one and three of the indictment in the case numbered

---

[1] The Ohio Supreme Court's recent decision in *State v. Harper,* Slip Opinion No. 2020-Ohio-2913, raises questions as to the correctness of our prior decision, but since that decision is not under review, and neither party requests us to revisit it, we simply proceed to the merits of Mr. Ingels's assignments of error.

4

B-9800321[.]" *Id.* at ¶ 1. The opinion contains no directive from this court to limit the resentencing to solely the removal of the life tail portion of the sentences—we left resentencing to the trial judge's discretion consistent with the law explained in our opinion. Underscoring the point, the opinion is largely devoid of references to the life tail outside of describing the initially imposed, statutorily enhanced nine-year-to-life sentences. Our charge on remand was for the trial court to resentence Mr. Ingels on those counts in light of the voidness conclusion.

{¶9} This reading of our opinion comports with Ohio caselaw finding that, upon a determination of a void sentence, the judgment is a nullity, and the parties sit in the position as if the court had not issued the judgment. *State v. Williams,* 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 20 (an attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void); *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 12 (same); *Romito v. Maxwell*, 10 Ohio St.2d 266, 267, 227 N.E.2d 223 (1967) ("The effect of determining a judgment is void is well established. It is as though such proceedings never occurred; the judgment is a mere nullity."). In other words, once we deemed the sentences in counts one and three void, they effectively no longer existed, which necessitated new sentences on those counts. Thus, the trial court properly imposed the new ten-year sentences.

{¶10} Mr. Ingels further theorizes that the sentences' terms had already expired by the time he reached resentencing, hence stripping the court of jurisdiction to resentence him. To be sure, the Ohio Supreme Court recognizes that where a defendant has fully served his or her sentence, the defendant enjoys an expectation of finality, which prevents further modification. *See State v. Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 12, *abrogated on other grounds, State v.*

*Hudson*, Slip Opinion No. 2020-Ohio-3849 (legitimate expectation of finality in a sentence that has been fully served). To try to fit within that rule, Mr. Ingels cobbles together emails from the Ohio Department of Rehabilitation and Correction to the Hamilton County prosecutor's office, allegedly clarifying the length of his sentences. But these emails hardly go as far as Mr. Ingels imagines. Nothing in the emails indicates that the life tail on either sentence had been removed, resulting in a fully served sentence. And given that Mr. Ingels was still serving the sentences, he lacked a reasonable, legitimate expectation of finality in a void judgment. *See State v. Hunter,* 8th Dist. Cuyahoga Nos. 95111, 95112 and 95113, 2011-Ohio-1682, ¶ 20 (delay in resentencing did not render trial court without jurisdiction to resentence defendant), citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 37, *abrogated on other grounds*, *State v. Harper,* Slip Opinion No. 2020-Ohio-2913. As a result, we see no jurisdictional defect in the trial court's actions.

B.

{¶11} Next, Mr. Ingels sets his sights on the trial court's decision to impose ten-year terms for counts one and three, maintaining that this constituted an impermissible vindictive sentence. Perceiving the new sentences as harsher than beforehand, he endeavors to invoke a presumption of vindictiveness. We have trouble seeing how sentences that fall short of a life sentence can be harsher than a life sentence, but we will set that aside for the moment. The United States Supreme Court has recognized that, while a court may impose a harsher sentence upon a defendant after a retrial, it may not do so as a punishment for exercising the right to appeal. *North Carolina v. Pearce*, 395 U.S. 711, 724-725, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Thus, where a reasonable likelihood exists that the increase in the

6

sentence resulted from actual vindictiveness, this gives rise to a presumption of vindictiveness. *Alabama v. Smith*, 490 U.S. 794, 799, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

{¶12} But Mr. Ingels's effort to invoke this presumption encounters a jurisprudential blockade. Generally, courts in Ohio, including this district, have found that the presumption of vindictiveness does not apply when, as here, the original judge and the resentencing judge are distinct. *See, e.g., State v. Gonzales,* 151 Ohio App.3d 160, 2002-Ohio-4937, 783 N.E.2d 903, ¶ 65 (1st Dist.); *State v. Glover,* 8th Dist. Cuyahoga No. 88317, 2007-Ohio-2122, ¶ 109; *State v. Garrett*, 2d Dist. Clark No. 2007 CA 23, 2008-Ohio-1752, ¶ 24; *State v. Mitchell*, 6th Dist. Erie No. E-11-039, 2012-Ohio-1992, ¶ 8; *State v. Mitcham*, 11th Dist. Ashtabula No. 92-A-1693, 1993 WL 164713, *4 (Apr. 23, 1993); *State v. Aguirre*, 9th Dist. Lorain No. 99CA007434, 2000 WL 763343, *2 (June 14, 2000). This is because there is little risk under these circumstances of a trial court's interest in self-vindication or of discouraging what it views as meritless appeals. *See Texas v. McCullough,* 475 U.S. 134, 138, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986).

{¶13} Unable to avail himself of the presumption of vindictiveness, Mr. Ingels bore the burden to demonstrate that a vindictive motive existed on the part of the trial court resulting in actual vindictiveness in resentencing. *See Gonzales* at ¶ 65; *State v. Rahab,* 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 18 (without presumption of actual vindictiveness the defendant must prove actual vindictiveness). Needless to say, this is a steep road to climb for any defendant, and here Mr. Ingels makes no such showing, merely relying on the presumption of vindictiveness which did not apply under the circumstances at hand. We thus have no occasion to reverse his sentences as a product of vindictiveness.

C.

{¶14} Finally, Mr. Ingels takes issue with the trial court's adherence to the requisite findings for imposition of consecutive sentences and alleged failure to consider the principles and purposes of sentencing before imposing his sentences. After imposing the new sentences in counts one and three for the case numbered B-9800321, the trial court determined that they should run consecutively. We review felony sentences under the standard set forth in R.C. 2953.08(G)(2) and may only vacate or modify a sentence where we find that the record clearly and convincingly does not support the sentence. *State v. Smith,* 1st Dist. Hamilton No. C-190235, 2020-Ohio-3516, ¶ 11.

{¶15} In imposing consecutive sentences, R.C. 2929.14(C)(4) requires that the trial court issue certain obligatory findings. The Ohio Supreme Court clarified that satisfaction of this requirement means that the trial court articulate, at the time of sentencing, the findings and memorialize them in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29 ("When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing * * * [a]nd * * * the court should also incorporate its statutory findings into the sentencing entry."). Satisfaction of this standard, however, does not require a verbatim incantation of the statutory language so long as a reviewing court can discern that the findings were made and that the record contains evidence to support them. *Id.* Review of the sentencing hearing and sentencing entry here reveals that the trial court appropriately complied with this requirement, articulating the required statutory findings at the sentencing hearing, and then including them in the sentencing entry. We also see ample evidence in the record to support these conclusions.

{¶16} With respect to Mr. Ingels's assertion that the trial court failed to consider the principles and purposes of sentencing and relevant sentencing factors pursuant to R.C. 2929.11 and 2929.12 in imposing each of the new ten-year sentences, we note that while the trial court should be guided by these principles and consider the relevant factors, these obligations have no concomitant fact-finding mandate. *State v. Kinley*, 1st Dist. Hamilton No. C-190270, 2020-Ohio-542, ¶ 6 (noting that statutes are not fact-finding statutes); *Smith*, 1st Dist. Hamilton No. C-190235, 2020-Ohio-3516, at ¶ 12 (a trial court is not required to make certain findings in regard to R.C 2929.11 or 2929.12). Therefore, absent an affirmative demonstration to the contrary by Mr. Ingels, we may presume that the trial court appropriately considered them. *Kinley* at ¶ 6; *State v. Love*, 194 Ohio App.3d 16, 2011-Ohio-2224, 954 N.E.2d 202, ¶ 14 (1st Dist.) (noting that in imposing maximum sentences "although the trial court did not specifically state that it had considered R.C. 2929.11 and 2929.12, we may presume that it did"); *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18, fn. 4 ("[W]here the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes."), *abrogated on other grounds*, *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. Mr. Ingels falls well short of establishing that the trial court failed to consider these statutes, and therefore, we presume that it did. *See State v. Patterson,* 1st Dist. Hamilton No. C-170329, 2018-Ohio-3348, ¶ 60 (despite defendant's contention that trial court "truly" failed to considered the statutes when imposing maximum sentences, presumed so in light of no affirmative demonstration to the contrary).

III.

{¶17} Under his second assignment of error, Mr. Ingels attacks his sexual predator classification by the trial court, challenging that the trial court lacked both jurisdiction to conduct the sexual predator hearing and that his classification ran counter to the manifest weight of the evidence.

{¶18} Mr. Ingels's jurisdictional Hail Mary lacks merit. The Ohio Supreme Court has repeatedly recognized that a sexual predator classification under Megan's Law constitutes a civil and remedial process, and not a part of the sentence. *See Cook,* 83 Ohio St.3d 404 at 423, 700 N.E.2d 570 ("R.C. Chapter 2950 serves the solely remedial purpose of protecting the public. Thus, there is no clear proof that R.C. Chapter 2950 is punitive in its effect."); *State v. Williams,* 88 Ohio St.3d 513, 528, 728 N.E.2d 342 (2000) (noting that because R.C. Chapter 2950 is neither a criminal statute, nor one that inflicts punishment, it therefore does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions). Therefore, the sexual predator classification hearing did not affect the finality of Mr. Ingels's sentences and fell within the trial court's jurisdiction. *State ex rel. Grant v. Collins*, 155 Ohio St.3d 242, 2018-Ohio-4281, 120 N.E.3d 804, ¶ 17 ("[B]ecause classification as a sex offender under Megan's Law is a civil, remedial consequence of the conviction and not a punitive component of criminal sentencing * * * [s]ex-offender classification and registration laws therefore do not affect the finality of [a defendant's] convictions and sentence.").

{¶19} Mr. Ingels also maintains that the trial court erred by classifying him as a sexual predator, imploring that the manifest weight of the evidence proves otherwise. Under former R.C. 2950.01(E), a sexual predator was a person who had been convicted of or pleaded guilty to committing a sexually oriented offense and was likely to engage in one or more sexually oriented offenses in the future. A trial

court could designate an offender as a sexual predator " 'only after holding a hearing where the offender is entitled to be represented by counsel, testify and call, and cross-examine witnesses.' " *Durant*, 2017-Ohio-8482, 99 N.E.3d 1217, at ¶ 7, quoting *Cook* at 407. Then, after review of all the testimony and evidence presented at the hearing and considering the factors listed in R.C. 2950.09(B)(3), the court "determine[d] by clear and convincing evidence whether the subject offender * * * [was] a sexual predator." Former R.C. 2950.09(B)(4).

{¶20} In reviewing a challenge to the manifest weight of the evidence in sexual predator classifications, we must determine whether clear and convincing evidence supported the sexual predator classification. *State v. Williams,* 1st Dist. Hamilton No. C-140199, 2015-Ohio-3968, ¶ 48 ("Our review asks whether the evidence satisfies the burden of persuasion, which in this case was a clear-and-convincing standard."). Clear and convincing evidence produces "in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶21} Here, after acknowledging that it considered all of the relevant statutory factors (and listing them) and all of the evidence and arguments presented by the parties, the trial court concluded that it found by clear and convincing evidence Mr. Ingels to be a sexual predator as defined under former R.C. 2950.01(E). At the hearing, the court emphasized the evidence of multiple victims, the use of drugs to impair the victims, and the fact that he was on probation for sexual battery when he committed many of the offenses, all relevant considerations. *See* former R.C. 2950.09(B)(3). The trial court also had before it the court clinic evaluation of Mr. Ingels, which classified his risk to reoffend as low to moderate. Based on the foregoing, the trial court had ample credible evidence at hand from which it could

conclude by clear and convincing evidence that Mr. Ingels satisfied the definition of a sexual predator. The trial court's sexual predator classification was therefore not against the manifest weight of the evidence.

{¶22} In light of the foregoing analysis, fully considering Mr. Ingels's two assignments of error, we overrule both assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**MOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:
    The court has recorded its own entry this date.