[Cite as *State v. Holloway*, 2021-Ohio-204.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 109181 |
| JAMES HOLLOWAY, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 28, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-95-318675-ZA

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel Van, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Paul A. Kuzmins, *for appellant.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, James Holloway, appeals an order classifying him a sexual predator under Megan's Law. He claims the following two errors:

1. The trial court failed to conduct an adequate classification hearing as required by *State v. Eppinger*, 91 Ohio St.3d 158, [743 N.E.2d 881]

(2001), and in violation of appellants' state and federal due process rights.

2. The state failed to prove by clear and convincing evidence that appellant is "likely to engage in the future in one or more sexually oriented offenses."

{¶ 2} We find no merit to the appeal and affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} Holloway pleaded guilty to sexual offenses in three separate cases. In May 1995, Holloway pleaded guilty to the rape of a 16-year-old girl in Cuyahoga C.P. CR-95-318675-ZA. He was sentenced to an indefinite prison term of seven to 25 years, to be served concurrently with sentences imposed in two other cases. In May 1995, Holloway also pleaded guilty to felonious sexual penetration of an adult female in Cuyahoga C.P. CR-94-320603-ZA and was sentenced to seven to 25 years in prison, to be served concurrently with the sentence imposed in Cuyahoga C.P. CR-95-318675-ZA.

{¶ 4} Fifteen years later, in February 2011, Holloway again pleaded guilty to rape in Cuyahoga C.P. CR-10-541647-A and was sentenced to five years in prison, to be served consecutive to his sentence in CR-95-318675-ZA. Although Holloway was charged with rape in 2010, he allegedly committed the offense against a five-year-old victim sometime between August 1, 1994 and December 1994.

{¶ 5} In July 2019, the court held a sexual predator hearing on the state's motion to have Holloway classified as a sexual predator under Megan's Law, former R.C. Chapter 2950.01, et seq. At the court's request, Michael Caso, the Chief

Psychiatric Social Worker for Cuyahoga County's court psychiatric clinic, conducted a House Bill 180 sexual offender designation evaluation of Holloway (the "report" or "House Bill 180 report"). The report states, among other things, that Holloway scored a two on the Static-99R, an actuarial instrument designed to estimate the likelihood of sexual-offense recidivism. According to Caso, Holloway's score places him in the "average" risk category on the Static-99R. (House Bill 180 report p.12.)

{¶ 6} However, Caso reported that the Static-99R does not measure all relevant risk factors, and Caso outlines other risk factors in the report. (House Bill 180 report p.13.) Caso states that, while in prison, Holloway engaged in fighting, encouraged disturbances, showed disrespect, and possessed contraband while in prison. (Tr. 9.) Caso also states that Holloway has been diagnosed with a depressive type of schizoaffective disorder as well as antisocial personality disorder. And, on questioning, Holloway failed to articulate any plan for preventing the commission of future sex crimes. Caso's report indicates that although Holloway was much older at the time of the evaluation than he was when he first went to prison, his decision-making process is still impaired due to his mental illnesses and low intellectual functioning.

{¶ 7} The trial court concluded that Holloway's Static-99R score did not accurately reflect Holloway's likelihood of recidivism and classified Holloway as a sexual predator based on other risk factors outlined in Caso's report. This appeal followed.

## II. Law and Analysis

## A. Standard of Review

**{¶ 8}** Former R.C. Chapter 2950, commonly known as Megan's Law, divides sex offenders into three categories (1) sexually oriented offenders, (2) habitual sexual offenders, and (3) sexual predators. *State v. Cook*, 83 Ohio St.3d 404, 407, 700 N.E.2d 570 (1998). To be classified as a "sexual predator," the most severe designation, the trial court must find, by clear and convincing evidence, (1) that the defendant has been convicted of, or pleaded guilty to, a sexually oriented offense and (2) that he is likely to engage in one or more sexually oriented offenses in the future. *State v. Eppinger*, 91 Ohio St.3d 158, 163, 743 N.E.2d 881 (2001), citing former R.C. 2950.01(E) and R.C. 2950.09(B)(3).

**{¶ 9}** Clear and convincing evidence has been defined as "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶ 10}** Former R.C. 2950.09(B)(3) lists ten factors to be considered in determining whether a sexual offender is a sexual predator: (1) the offender's age; 2) the offender's criminal record; (3) the age of the victim; (4) the number of victims; (5) whether the offender used drugs or alcohol to impair the victim; (6) if the offender has previously been convicted of a crime, whether he completed his

sentence; and if the prior offense was a sexually oriented offense, whether he completed a sex-offender program; (7) mental health history; (8) the nature of the offender's sexual contact with the victim; (9) whether the offender displayed cruelty or made threats of cruelty; and (10) any other "behavioral characteristics" that contribute to the offender's actions. *See* former R.C. 2950.09(B)(3)(a)-(j).

{¶ 11} Because sex-offender classifications under Megan's Law are civil in nature, we review sex-offender designations under a civil manifest-weight-of-the-evidence standard. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, at syllabus. The manifest-weight-of-the-evidence standard concerns "'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). A reviewing court "'weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the trier of fact." *Eastley* at ¶ 21.

## B. Sexual-Predator Classification

{¶ 12} In the first assignment of error, Holloway argues the trial court failed to conduct an adequate sex-offender classification hearing. He contends the hearing failed to comply with the requirements for sex-offender classification hearings outlined by the Ohio Supreme Court in *Eppinger*, 91 Ohio St.3d 158, 743 N.E.2d 881. In the second assignment of error, Holloway argues the trial court erred in classifying him as a sexual predator because the state failed to prove, by clear and convincing evidence, that he is likely to engage in one or more sexually oriented offenses in the future. We discuss these assigned errors together because they are interrelated.

{¶ 13} In *Eppinger*, the Ohio Supreme Court described a "model procedure for sexual classification hearings" as follows:

> In a model sexual offender classification hearing, there are essentially three objectives. First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. If the conviction is old * * *, the state may need to introduce a portion of the actual trial record; if the case was recently tried, the same trial court may not need to actually review the record. In either case, a clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.
>
> Second, an expert may be required * * * to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should

> be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. * * *

> Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism.

*Eppinger* at 166, citing *State v. Thompson*, 140 Ohio App.3d 638, 748 N.E.2d 1144 (8th Dist.1999).

{¶ 14} In *State v. Blake-Taylor*, 8th Dist. Cuyahoga No. 100419, 2014-Ohio-3495, this court explained that although the "model" hearing described in *Eppinger* may be ideal, "it is not mandatory." *Id.* at ¶ 9, citing *Eppinger* at 167. "*Eppinger* made it clear that it was only 'suggesting' standards for sexual predator classification hearings." *Id.*, citing *Eppinger* at 167. Nevertheless, in order to affirm the trial court's judgment, there must be a record to support the statutory findings required to classify someone as a sexual predator by clear and convincing evidence. *Eppinger* at 163.

{¶ 15} Holloway argues the trial court failed to make an adequate record to classify him as a sexual predator because the court failed to expressly find, on the record, that he was likely to commit a sexually-oriented offense in the future. However, "a trial court's discussion of the statutory factors need not include an explicit statement that the offender is likely to reoffend." *State v. Durant*, 8th Dist. Cuyahoga No. 105235, 2017-Ohio-8482, ¶ 13. Such a statement would be redundant where the trial court determines that an individual is properly classified as a sexual

predator since the term "sexual predator" is defined as a sex offender who is likely to commit a sexually-oriented offense in the future. *Id.* citing *Blake-Taylor* at ¶ 5.

{¶ 16} Further, the trial court is not required to exhaustively list every reason for classifying the offender as a sexual predator. And, all three *Eppinger* objectives were accomplished during the sex-offender classification hearing. The court stated on the record that it was holding a House Bill 180 hearing to determine if Holloway was a sexual predator and invited the state and defense counsel to present evidence and argument in support of their respective positions. Thereafter, the state requested that Holloway be classified as a sexual predator based on the factors enumerated in R.C. 2950.09(B)(3).

{¶ 17} With respect to R.C. 2950.09(B)(3) factors, the state noted that Holloway committed sexual offenses against both children and adults, one of whom was a five-year-old family member. (Tr. 12.) According to Caso's report, Holloway failed to complete sex-offender treatment,[1] never married, has been diagnosed with antisocial personality disorder, and has a problem with substance abuse. The state asserted that these risk factors are not taken into account in the Static-99R, but are, as Caso explains, relevant to Holloway's overall risk of recidivism. (Tr. 12, 18.)

{¶ 18} Defense counsel argued that Holloway was 18 years old when he committed the three sex offenses, that Holloway was 43 years old at the time of the sex-offender classification hearing, and that he would, therefore, make different

---

[1] Holloway admitted to Caso that "he has never been involved in sexual offender treatment." (House Bill 180 report p.10.)

decisions now than when he committed the offenses. (Tr. 14.) Defense counsel also asserted that Holloway had no prior record before he committed the offenses giving to this case and that his score of two on the Static-99R indicates a low risk of reoffending. (Tr. 15.)

{¶ 19} However, Caso's report indicates, as argued by the prosecutor, that the Static-99R does not measure all relevant risk factors. And, Holloway's score placed him in the "average" risk category as opposed to the low-risk category represented by defense counsel. Caso's House Bill 180 report further indicates that despite Holloway's age, his decision-making process is still impaired due to his mental illness and low level of intellectual functioning. Caso's report states that although Holloway denied having a mental-health problem, he self-reported that hearing auditory hallucinations was "'normal for him,'" and others reported that Holloway was "'aggressive and paranoid.'" (House Bill 180 report p.8.)

{¶ 20} With respect to Holloway's antisocial personality disorder, Caso's report states, in relevant part:

> This diagnosis is based on a pervasive pattern of a disregard for and violation of the rights of others occurring since age 15. The defendant has failed to conform to social norms. He has obviously been deceitful, impulsive and aggressive with reckless disregard for the safety of others and consistent irresponsibility. * * * The defendant's antisocial behavior is not exclusively during the course of a severe mental illness.

(House Bill 180 report p. 11.)

{¶ 21} Moreover, when Caso asked Holloway how he planned to avoid future sexual crimes when he is released from prison, Holloway was unable to provide

specific information regarding any sex-offender-relapse prevention plan. (House Bill 180 report p. 8.) And, despite defense counsel's argument to the contrary, the House Bill 180 report indicates that Holloway had "a history of involvement with the juvenile justice system." (Tr. 18.)

{¶ 22} Because Holloway pleaded guilty to the sex offenses alleged in all of the indictments against him, there was no trial transcript or record for the parties to introduce. Nevertheless, the trial court reviewed Holloway's score on the Static-99R as well as the other risk factors discussed in Caso's report. In finding that Holloway met the definition of a "sexual predator," the court acknowledged Holloway's history of sex offenses and further stated, in relevant part:

> He has been involved with the criminal justice system as a juvenile and as an adult on numerous occasions and had substantial problems with authority figures throughout his life, which included fighting with various students and urinating in front of a teacher. He has had many temper problems throughout the years. He tried to harm himself in 1990, he was psychiatrically hospitalized in 1991, and has been diagnosed in the range of * * * borderline intellectual functioning. He also has a history of alcohol, PCP, and cannabis use, and he has had ongoing psychiatric issues for some time.

(Tr. 21.) Thus, the trial court concluded that the state met its burden of demonstrating, by clear and convincing evidence, that Holloway was a sexual predator and classified Holloway accordingly. The transcript of the hearing and Caso's report, which was admitted into evidence, present a sufficient record for review because the transcript provides an account of both state and defense counsel's analysis of the risk factors outlined in former R.C. 2950.09(B)(3), and Caso's report provides evidence to support the court's conclusion.

{¶ 23} Therefore, the transcript of the hearing and Caso's report provide an adequate record for reviewing the trial court's determination that Holloway is a sexual predator under Megan's Law. And, the trial court made the findings required by former R.C. 2950.09(B)(3) to classify Holloway as a sexual predator, and those findings are supported by clear and convincing evidence.

{¶ 24} Accordingly, the first and second assignments of error are overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR