[Cite as *State v. Ward*, 2025-Ohio-835.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 114107 |
| v. | : | |
| MICHAEL WARD, JR., | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 13, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-22-674891-A, CR-23-680527-A, and CR-23-681014-J

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and James D. May, Assistant Prosecuting
Attorney, *for appellee.*

Rosel C. Hurley III, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Appellant Michael Ward, Jr. ("Ward") challenges the trial court's imposition of consecutive sentences following his convictions for, inter alia, engaging in a pattern of corrupt activity, telecommunications fraud, grand theft, forgery, trafficking, and failure to comply. In his sole assignment of error, he argues

that the record does not support the imposition of consecutive sentences. After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} This appeal involves three separate cases arising from a series of crimes committed by Ward over the course of five years, including trafficking narcotics, cashing fraudulent checks, forgery, and failure to comply with the order or signal of a police officer. The trafficking charges in two of the cases involved fentanyl and heroin. Ward was apprehended on one of the trafficking charges after leading police on a high-speed chase that ended when he crashed into a parked vehicle and fled on foot. His DNA was obtained from the vehicle, and the narcotics were recovered therein. During this time, Ward was also part of a check-forging scheme with several co-defendants, which ultimately defrauded multiple victims of tens of thousands of dollars. He recruited and instructed other individuals to be a part of this scheme.

{¶ 3} Ward was indicted in three different cases, one which involved 56 counts and 10 other codefendants. Ward ultimately pled guilty to the following charges:

Cuyahoga C.P. No. CR-22-674891-A

> *Count 1: Trafficking, with schoolyard specification and firearm specification

Cuyahoga C.P. No. CR-23-680527-A

> *Count 1: Failure to comply with order or signal of police officer

   *Count 2: Trafficking
   *Count 5: Drug possession

Cuyahoga C.P. No. CR-23-681014-J

   *Count 1: Engaging in pattern of corrupt activity
   *Count 4: Telecommunications Fraud
   *Count 5: Grand Theft
   *Count 9: Forgery

**{¶ 4}** At the sentencing hearing, the State asked the court to impose consecutive sentences for the charges in the instant matter and to also run the sentences consecutively to the sentence that Ward was serving for an earlier case out of Lake County ("Lake County case").  In the Lake County case, Ward pled guilty to attempted abduction, failure to comply with the order or signal of a police officer, domestic violence, and endangering children.  He was sentenced to a total of three years in prison in that case.

**{¶ 5}** Ward's counsel presented the court with a sentencing memorandum that outlined Ward's troubled childhood, including parents who were in and out of his life and a lot of time spent with older individuals.  Counsel argued the same at the hearing, acknowledging Ward's criminal history but maintaining that he is motivated to change.  Ward also addressed the court and asked the court to consider his age — he was 24 years old at the time of the hearing — and the fact that he had accepted responsibility for his crimes.

**{¶ 6}** The court sentenced Ward as follows:

Case No. CR-22-674891-A

   *Count 1: Trafficking — 3 years

Case No. CR-23-680527-A

> *Count 1: Failure to comply — 3 years
> *Count 2: Trafficking — 4 to 6 years
> *Count 5: Drug Possession — 4 years
> *Counts 1 and 2 were to run consecutively to each other and concurrently to Count 5 for a total of 7 to 9 years.

Case No. CR-23-681014-J

> *Count 1: Engaging in a pattern of corrupt activity — 8 years
> *Count 4: Telecommunications fraud — 3 years
> *Count 5: Grand theft — 18 months
> *Count 9: Forgery — 12 months
> *The counts were ordered to run concurrently.

{¶ 7} The court ordered the three cases to run consecutively to each other for a total prison term of 18 to 20 years.[1] The sentences were also ordered to run consecutively to the three-year sentence in the Lake County case.

{¶ 8} At the hearing, the court stated as follows:

> [O]ne of the things that's troubling about this panorama of cases in criminal conduct is that you checked a lot of boxes. You are a registered sex offender. You committed a crime where you went out and actively sought out and developed criminal partners to commit additional crimes with you and for you. The failure to comply, the circumstances, the seriousness factors, are kind of off the chart in terms of danger to the public and to police and ultimately to yourself. And of course, then, your involvement in drug trafficking. And drug trafficking feeds addictions of poor people who, and, in some cases, of course, feeding people's addictions causes their death.

> So, you've really checked a lot of boxes here. And I'm regretful that your family life was so tumultuous and so forth, but you need to respect the fact that you have painted a picture of yourself that you are a criminal entrepreneur, and that's kind of dangerous.

---

[1] The parties' briefs state that the total sentence was 18 years, but given that one of the sentences was an indefinite sentence of four to six years, the total sentence is properly stated as 18 to 20 years.

(Tr. 84.)

{¶ 9} The court noted that it had considered the factors related to consecutive sentences in R.C. 2929.14(C), explaining:

> First of all, subdivision C of that statute refers to the offender's history of criminal conduct, and certainly, I agree with the text here that Mr. Ward's history of criminal conduct demonstrates the consecutive sentences are necessary to protect the public from future crime by him.
>
> I think I also agree with subdivision B of the same statute where at least two of the multiple offenses committed by Mr. Ward, as part of one or more courses of criminal conduct, the harm being caused was so great or unusual that no single prison term as part of these courses of conduct adequately reflects the seriousness of his conduct.
>
> So, Mr. Ward, the problem you face here is you have this horrendous chase, you have a first-degree felony drug trafficking, you have a second-degree felony drug possession, you have yet another trafficking case, and then you have this criminal episode involving a first-degree felony conspiracy and engaging in a pattern of criminal conduct. And that's the case in which I referred to earlier that you went out and actively turned law-abiding people into criminals to commit crime with you and to your benefit since you were taking a cut of whatever money they generated.
>
> So, this is a terrible prison sentence. I'm not proud of it. I don't like it. It gives me no pleasure. But, unfortunately, your conduct, because we go through the seriousness factors, we consider recidivism, and even though we look at principles and purposes of felony sentencing, you become the defendant that we need to warehouse.
>
> We need to put you away for a long period of time and welcome you back to society when you're older, when you're more mature, when you have a much smaller likelihood of preying on innocent people, dealing in drugs, chasing the police down the street, and turning other people into criminals.

So this does amount to an 18-year prison term.[2] It could have been longer. But in my judgment, despite the precautions of principles and purposes of felony sentencing, it shouldn't be shorter.

(Tr. 95-97.)

{¶ 10} Ward then filed the instant appeal.

## II. Law and Analysis

{¶ 11} Ward contends that the record does not support the imposition of consecutive sentences in this matter. Specifically, he argues that the harm caused by his offenses was not so great and unusual that a single prison term would not adequately reflect the seriousness of his conduct and that consecutive sentences are disproportionate to the seriousness and the danger he poses to the public. He acknowledges that his conduct was "reprehensible," but maintains that there was no evidence that he was "engaged in a large and/or violent drug distribution enterprise" and no evidence that he had a history of drug-related convictions.

{¶ 12} "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry . . . ." *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. Pursuant to R.C. 2929.14(C)(4), the court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; "not disproportionate to the seriousness of the offender's

---

[2] As noted above, the prison term is actually 18 to 20 years.

conduct and to the danger the offender poses to the public"; and at least one of the following three factors:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction . . . or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 13} R.C. 2953.08(G)(2), which guides our review of consecutive felony sentences, "compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under . . . (C)(4) of section 2929.14[.]" *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *see also State v. Jones*, 2020-Ohio-6729, ¶ 28.

{¶ 14} The statute is written in the negative; that is, an appellate court does not need to clearly and convincingly find that the record supports the findings in order to affirm but instead must clearly and convincingly find that the record does *not* support the findings in order to reverse or modify a sentence.

{¶ 15} In the instant matter, the trial court very clearly set forth its reasoning for the imposition of consecutive sentences. In his brief, Ward generally refutes the findings by the trial court but does not point to anything specific in the record that

would compel us to reverse or modify his sentences. We can discern from the record that Ward committed a series of criminal offenses as part of a course of conduct that either caused his victims direct serious economic harm or placed the public at great risk of harm. The record shows that he had a history of criminal conduct and actively recruited and taught other individuals to also participate in his fraudulent check-cashing scheme. He also led police on an extensive high-speed chase ending in a residential area, crashed into a parked vehicle, and fled on foot. After careful review, we are unable to conclude that the record clearly and convincingly does not support the trial court's findings under R.C. 2929.14(C)(4).

{¶ 16} While not set forth as a separate assignment of error, Ward further contends that the court's order that the sentences would run consecutively to the sentence in the Lake County case is contrary to law. He asserts this amounts to cruel and unusual punishment because he will not begin to serve his punishment in the underlying matter until the completion of the Lake County sentence, which adds an extra three years. He argues that this delays his ability to move for judicial release by approximately seven years.

{¶ 17} We are not persuaded by his argument. "R.C. 2929.14(C) refers to 'convictions of multiple offenses,' but does not distinguish between multiple counts in a single case and multiple counts in separate cases." *State v. Alexander*, 2013-Ohio-1987, ¶ 6, fn. 1 (8th Dist.). Thus, it is well settled that a trial court has authority to order a prison term to run consecutive to a prison term in another case. *See State*

*v. Banville*, 2024-Ohio-956, ¶ 8 (8th Dist.), citing *State v. Rice*, 2015-Ohio-3885, ¶ 11 (8th Dist.).

**{¶ 18}** Regardless, the "Eighth Amendment's prohibition on cruel and unusual punishment 'imposes two separate limitations': (1) 'a requirement of proportionality' and (2) 'prohibition against specific torturous methods of punishment.'" *State v. Vinson*, 2016-Ohio-7604, ¶ 47 (8th Dist.), quoting *State v. Broom*, 2016-Ohio-1028, ¶ 36-37. "In noncapital cases, the Eighth Amendment proportionality principle is narrow and 'forbids only extreme sentences' that are grossly disproportionate to the crime." *Id.* at ¶ 47, quoting *Graham v. Florida*, 560 U.S. 48, 59-60 (2010).

**{¶ 19}** With respect to gross disproportionality, "'[c]ases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person,' and furthermore that 'the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community.'" *Vinson* at ¶ 47, citing *State v. Hairston*, 2008-Ohio-2338, ¶ 14, quoting *State v. Weitbrecht*, 86 Ohio St.3d 368, 371 (1999).

**{¶ 20}** Further, the Supreme Court of Ohio has held:

> [A] defendant has no constitutional right to concurrent sentences for two separate crimes involving separate acts. [Additionally,] if the sentence for a particular offense is not disproportionately long, it does not become so merely because it is consecutive to another sentence for a separate offense or because the consecutive sentences are lengthy in aggregate.

*Hairston* at ¶ 18, quoting *State v. Berger*, 212 Ariz. 473, 479 (2006).

{¶ 21} Ward does not argue that the sentences imposed are not within the statutory range. In addition, as discussed above, Ward has not demonstrated that the sentences imposed were disproportionate to his conduct. As a result, the complained-of sentences are not greatly disproportionate to the offenses as to shock the sense of justice of the community.

{¶ 22} Ward further cites Crim.R. 32(A) to argue that being required to first serve the sentence in the Lake County case before his sentences in the instant matter amounts to an "unreasonable delay." However, the "unreasonable delay" contemplated by this rule relates to the time between the finding of guilt and imposition of sentence, and Ward does not argue that there was any such delay here.

{¶ 23} Ward has failed to demonstrate that the record does not support the imposition of consecutive sentences and cannot show that the sentences imposed consecutively herein to the sentence in the Lake County case constituted cruel and unusual punishment or amounted to an unreasonable delay.

{¶ 24} Ward's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, A.J., and
EMANUELLA D. GROVES, J., CONCUR