[Cite as *State v. Burks*, 2026-Ohio-259.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

      Plaintiff- Appellee,                   :

                                             No. 115054

      v.                                             :

JUSTIN L. BURKS,                                  :

      Defendant-Appellant.                  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** January 29, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-691559-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sarah J. Denney, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Jennifer J. Pritchard, Assistant Public Defender, *for appellant*.

MICHELLE J. SHEEHAN, A.J.:

{¶ 1} Defendant-appellant Justin L. Burks ("Burks") appeals from the judgment of his conviction and sentence for sexual battery. On appeal, Burks

focuses his challenge on the trial court's decision to classify him as a sexual predator. He alleges that (1) the trial court's determination that he is a sexual predator is against the manifest weight of the evidence; (2) the evidence presented at the sexual-predator hearing was insufficient to support the trial court's finding him to be a sexual predator; and (3) he was provided constitutionally ineffective assistance of counsel.

{¶ 2} Upon a thorough review of the record and applicable law, we find that the record concerning the court's classification of Burks as a sexual predator is insufficient for appellate review. For this reason, we vacate Burks's classification as a sexual predator and remand this case back to the trial court to conduct a sexual-predator hearing consistent with this opinion.

## I. Procedural History and Relevant Facts

### A. Indictment and Plea Agreement

{¶ 3} In April 2024, the Cuyahoga County Grand Jury charged Burks with one count of rape, in violation of R.C. 2907.02(A)(2), a felony of the first degree. The indictment alleged that Burks "did engage in sexual conduct with [the victim] by purposely compelling her to submit by force or threat of force. To wit: vaginal intercourse." The indictment indicated that the offense occurred "[o]n or about August 18, 1999[.]"

{¶ 4} On January 8, 2025, Burks entered into a plea agreement with the State. As consideration for the plea, the State amended the sole charge in the indictment to sexual battery, a felony of the third degree, to which Burks pleaded

guilty. Prior to his plea, Burks was notified he would be required to report under the statutory-sex-offender-registration scheme that was in place at the time of the offense (commonly referred to as "Megan's Law."). The parties agreed that Burks would be classified as either (1) a sexually oriented offender or (2) a sexual predator. The parties agreed that the third possible classification, habitual-sexual offender, was not applicable.

### B. Sexual-Predator Hearing and Sentencing

{¶ 5} On February 12, 2025, the State filed a sentencing memorandum requesting the trial court to impose a prison term. The State's memorandum set forth the relevant facts that led to Burks's conviction and referenced four separate police reports concerning prior offenses in which Burks was allegedly involved.

{¶ 6} With respect to the conviction underlying Burks's instant plea, the State's memorandum explained that on August 18, 1999, the female victim was living with her cousin in an apartment complex in Cleveland, OH. Burks came to the residence in the early morning hours with a friend of the victim. The victim had never met Burks before. At some point during the night, Burks grabbed the victim, forced her onto a living room couch, removed her clothes, placed his hand over the victim's mouth, and forced his penis into her vagina.

{¶ 7} The State's memorandum indicated that the victim sought medical treatment at the Cleveland Clinic where a sexual-assault kit was collected. In 2014, there was a Combined DNA Index System ("CODIS") match between the samples collected from the victim's sexual-assault kit. The suspect remained unknown until

2017, when another CODIS hit matched Burks with the sperm found in the samples collected in the sexual-assault kit of the victim.

{¶ 8} Sentencing occurred on March 27, 2025. Prior to sentencing, the court held a sexual-predator hearing to determine whether Burks would be classified as either a sexually oriented offender or a sexual predator under Megan's Law. The State urged the trial court to classify Burks as a sexual predator. In support, the State addressed the relevant statutory factors the court was required to consider. The State also introduced four police reports purporting to set forth previous criminal and sexual offenses allegedly committed by Burks.[1] Burks's attorney argued against classifying Burks a sexual predator and argued to instead classify him as a sexually oriented offender, the least restrictive classification.

{¶ 9} At the conclusion of the sexual-predator hearing, the court stated:

> After listening to everything stated on the record and reviewing the record, I do find that the State has proved by clear and convincing evidence that Mr. Burks is a sexual predator. Therefore, he will have to register for a lifetime with verification every 90 days after the date of initial registration.

{¶ 10} The court proceeded to sentencing. The court imposed a sentence of 24 months in prison and advised that after he is released from prison, Burks will be

---

[1] These reports were introduced as State's exhibit Nos. 1 – 4. It should be noted that while the prosecutor stated that State's exhibit Nos. 1 and 2 were police reports concerning Burks, the reports do not name "Justin Burks" as the suspect. Exhibit No. 1 concerns a sexually oriented offense but lists the suspect's name as "Justin Smalls." Exhibit No. 2 also concerns a sexually oriented offense and lists the suspect as "unknown" but the victim's narrative indicates that the suspect's first name as Justin. Exhibits Nos. 3 and 4 concern menacing-by-stalking and domestic-violence offenses concerning Justin Burks but neither concern a sexually oriented offense.

subject to five years of postrelease control. The court also notified Burks of the reporting requirements as the result of being classified as a sexual predator.

### C. Appeal

{¶ 11} Burks filed a timely notice of appeal from the trial court's judgment entry imposing sentence and classifying him as a sexual predator. He presents three assignments of error for our review:

> 1. [Burks's] classification as a sexual predator is against the manifest weight of the evidence as the State failed to prove by clear and convincing evidence that [Burks] is "likely to engage in the future in one or more sexual oriented offenses."
>
> 2. There was insufficient evidence to find [Burks] a sexual predator.
>
> 3. [Burks's] constitutional right to effective assistance of counsel was violated.

## II. Law and Analysis

{¶ 12} In his first and second assigned errors for review, Burks alleges that his classification as a sexual predator under Megan's Law is against the manifest weight of the evidence and that the evidence presented at the sexual-predator hearing was insufficient to support the trial court's order finding him to be a sexual predator. The arguments Burks presents in each assignment of error are substantially similar. And since an appellate court reviews a trial court's sexual-predator designation under the manifest weight of the evidence rather than a sufficiency challenge, we will address these arguments together under the manifest weight standard of review.

**A. Applicable Law**

{¶ 13} Former version of R.C. 2950, also known as Megan's Law, classifies sex offenders into three categories: "(1) sexually oriented offenders, (2) habitual sexual offenders, and (3) sexual predators." *State v. Holloway,* 2021-Ohio-204, ¶ 8 (8th Dist.), citing *State v. Cook,* 83 Ohio St.3d 404, 407 (1998). "To be classified as a 'sexual predator,' the most severe designation, the trial court must find, by clear and convincing evidence (1) that the defendant has been convicted of, or pleaded guilty to, a sexually oriented offense and (2) that he is likely to engage in one or more sexually oriented offenses in the future." *Id.,* citing *State v. Eppinger,* 91 Ohio St.3d 158, 163 (2001), citing former R.C. 2950.01(E) and former R.C. 2950.09(B)(3).

{¶ 14} Clear and convincing evidence has been defined as "'that measure or degree of proof which is more than a mere "preponderance of the evidence" but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *In re K.H.,* 2008-Ohio-4825, ¶ 42, quoting *Cross v. Ledford,* 161 Ohio St. 469 (1954).

{¶ 15} Former R.C. 2950.09(B)(3) lists ten factors a trial court must consider when determining whether a sex offender should be classified a sexual predator. These factors include the following:

(a) The offender's or delinquent child's age;

(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;

(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;

(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;

(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;

(g) Any mental illness or mental disability of the offender or delinquent child;

(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;

(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.

Former R.C. 2950.09(B)(3).

**B. Standard of Review**

{¶ 16} Sex-offender classifications under Megan's Law are civil in nature and are therefore reviewed under a manifest-weight-of-the-evidence standard. *See Holloway*, 2021-Ohio-204, at ¶ 11 (8th Dist.), citing *State v. Wilson,* 2007-Ohio-2202, syllabus. A challenge concerning the weight of the evidence concerns "'"the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. . . . Weight is not a question of mathematics, but depends on its effect in inducing belief."'" *State v. Hughes-Davis,* 2025-Ohio-3151, ¶ 24 (8th Dist.), quoting *Eastley v. Volkman,* 2012-Ohio-2179, ¶ 12, quoting *State v. Thompkins,* 78 Ohio St.3d 380, 387 (1997). The Ohio Supreme Court has stated that when conducting a manifest-weight review, the reviewing court "must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *In re Z.C.,* 2023-Ohio-4703, ¶ 14, citing *Eastley* at ¶ 20.

{¶ 17} "This court may not reverse a sexual predator classification 'simply because it holds a different opinion concerning the credibility of witnesses and evidence submitted before the trial court.'" *State v. Clark,* 2008-Ohio-3358, ¶ 30 (8th Dist.), quoting *Wilson* at ¶ 24. As such, a manifest-weight-of-the-evidence challenge will be sustained "'"only in the exceptional case in which the evidence weighs heavily against the conviction."'" *State v. Dodson,* 2025-Ohio-1733, ¶ 12 (8th

Dist.), quoting *Thompkins* at 387, quoting *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist. 1983).

### C. Analysis

### 1. Admissibility of Police Reports

{¶ 18} As a preliminary matter, we note that Burks discusses the admissibility of the police reports introduced by the State at the sexual-predator hearing but has not challenged the admissibility of these reports in a separately captioned assignment of error. App.R. 16(A)(3) provides that an appellant's brief must include "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." The appellant's captioned assignment of error "provides this Court with a roadmap on appeal and directs this Court's analysis." *State v. Marzolf,* 2009-Ohio-3001, ¶ 16 (9th Dist.). Pursuant to App.R. 12(A)(1)(b), we are required to determine the appeal based upon the assignments of error set forth in the briefs under App.R. 16 and may decline to address arguments not separately assigned as error. *State v. Blade,* 2023-Ohio-3054, ¶ 54 - 55 (8th Dist.).

{¶ 19} Nonetheless, it has been well recognized that "the Rules of Evidence do not strictly apply in a sexual predator hearing." *State v. Hinton,* 2005-Ohio-3427, ¶ 21 (8th Dist.), citing *State v. Cook,* 83 Ohio St.3d 404, 425 (1998). This is because such hearings are like sentencing and probation hearings where the Rules of Evidence do not strictly apply. *State v. Walker,* 2023-Ohio-810, ¶ 18 (8th Dist.). "As long as the evidence sought to be admitted meets the minimum standard of

'reliable hearsay,' the evidence is admissible." *State v. Baron,* 2002-Ohio-4588, ¶ 12 (8th Dist.), citing *State v. Reed,* 2001-Ohio-3271 (7th Dist.). Reliable hearsay, such as police reports submitted by the State, may be relied upon by the trial judge in coming to its determination that an offender be classified as a sexual predator. *See Hinton* at ¶ 21-22.

### 2. The Trial Court's Determination

{¶ 20} In determining whether an offender should be classified a sexual predator, the "'trial court is not required to individually assess each of [the] statutory factors on the record nor is it required to find a specific number of [the] factors before it can adjudicate an offender a sexual predator so long as its determination is grounded upon clear and convincing evidence.'" *Walker* at ¶ 16, quoting *State v. Caraballo,* 2008-Ohio-2046, ¶ 8 (8th Dist.). Nor must the court "'elaborate on its reasons for finding certain factors as long as the record includes the particular evidence upon which the trial court relied in making its adjudication.'" *Walker* at ¶ 16, quoting *Caraballo* at ¶ 8.

{¶ 21} However, the Ohio Supreme Court has stated that when making its decision, the trial court "should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." *Eppinger,* 91 Ohio St.3d at 166. The Court explained that this is to "aid the appellate courts in reviewing the evidence on appeal and ensure a fair and complete hearing for the offender." *Id.* at 167. This court has previously found that a trial court's determination of an appellant's sex-offender classification without any

discussion on the record is subject to reversal. *See State v. McLaughlin,* 2004-Ohio-2334, ¶ 41 (8th Dist.) (noting that a review of the transcript of the hearing shows that the trial court presented no discussion about its decision, nor mentioned either the facts or the factors it considered and remanded the case back to the trial court). *See also State v. Lee,* 2001 Ohio App. LEXIS 4071, *15 (8th Dist. Sept. 13, 2001) (stating that "the trial court's pronouncement of its determination of appellant's classification without any discussion constitutes reversible error"); *State v. Grimes,* 2001 Ohio App. LEXIS 1707 (8th Dist. Apr. 12, 2001).

{¶ 22} Here, at the conclusion of the sexual-predator hearing, the court stated:

> After listening to everything stated on the record and reviewing the record, I do find that the State has proved by clear and convincing evidence that Mr. Burks is a sexual predator. Therefore, he will have to register for a lifetime with verification every 90 days after the date of initial registration.

{¶ 23} There was no discussion about its decision nor did the court mention either the relevant facts, evidence, or statutory factors it considered in reaching its decision. The record is unclear to the extent the trial court relied on the police reports challenged by Burks or which, if any, of the statutory factors the trial court considered.

{¶ 24} As a result, appellant's first assignment of error is sustained. We vacate Burks's sexual-predator designation and remand the case to the trial court for a new sexual-predator hearing consistent with this opinion. All other aspects of Burks's conviction and sentence remain intact.

**{¶ 25}** Accordingly, Burks's remaining assignment of error is rendered moot by our disposition of the first assignment of error and we decline to address it.

**{¶ 26}** Burks's sexual-predator classification is vacated; cause remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR